UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEROLE PIERRE,

                    Plaintiff,

        v.

POLICE OFFICER ALEXANDR YURCHENKO, NEW YORK CITY, LIETENANT ANGELIKA KAISER,

                    Defendants.

ORDER

No. 22-cv-1171-NRM-LB

NINA R. MORRISON, United States District Judge:

On March 1, 2022, Plaintiff Jerole Pierre commenced this *pro se* action pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. On March 9, 2023, Plaintiff filed an amended complaint against Officer Alexandr Yurchenko,[1] Lieutenant Angelika Kaiser, and the City of New York. Am. Compl., ECF No. 43. On May 12, 2023, Defendants filed a motion to dismiss the amended complaint, Mot. to Dismiss, ECF No. 57, which the undersigned referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation ("R&R"), Order dated May 15, 2023. Judge Bloom issued an R&R on February 22, 2024, recommending that the Court grant Defendants' motion to dismiss. R&R, ECF No. 69. Plaintiff filed objections to the R&R on March 12, 2024. Reply in Opp'n to Mot. to Dismiss (hereinafter "Objs."), ECF No. 71. On March 26, 2024, Defendants filed an opposition

---

[1] Plaintiff spells Officer Yurchenko's last name as "Yurbherko." *See* Am Compl. at 1. As in the R&R, the "Court adopts defendants' spelling of Officer Yurchenko's name." R&R at 2 n.2, ECF No. 69.

1

to Plaintiff's objections. Opp'n to Objs., ECF No. 72. For the reasons to follow, the Court overrules Plaintiff's objections and adopts the R&R in full.

## I. Background

Plaintiff's amended complaint alleges that certain plainclothes New York Police Department ("NYPD") officers have subjected Plaintiff to ongoing physical surveillance, Am. Compl. at 5, slandered him by calling him a criminal, *id.* at 7, protected private individuals who threatened Plaintiff, *id.*, broke into Plaintiff's car, *id.* at 8, and threatened Plaintiff, *id.*[2]

As for the named Defendants, Plaintiff alleges that on December 13, 2021, Officer Yurchenko responded to a 911 call that Plaintiff made after noticing that a car was following him, but Officer Yurchenko "refused to question the suspect." *Id.* at 7. The amended complaint also states that "the same department officer mentioned above like Officer Alexand[er] [Yurchenko] and a few neighbors all [colluded] and surveill[ed] the plaintiff by following the plaintiff with cars." *Id.* at 6. Plaintiff further alleges that he provided CCTV footage of a plainclothes officer on Plaintiff's property to Lieutenant Kaiser, but Lieutenant Kaiser failed to reveal the identity of the officer. *Id.* at 5.

Plaintiff alleges violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution. *Id.* at 9. Defendants also construe the amended complaint as alleging a conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985. Mem. in Supp. of Mot. to Dismiss at 20, ECF No. 58. Plaintiff seeks $48,000,000 in damages,

---

[2] The Court assumes the parties' familiarity with the factual background and procedural history of the case, as set forth in Judge Bloom's R&R.

"relief from consistent surveillance," and an injunction requiring "officers and all parties involved to stop slander my name and discriminating against me and interrupting my employment." Am. Compl. at 10.

In the R&R, Judge Bloom first recommends dismissal of Plaintiff's claims against the unnamed officers because "plaintiff does not plead any individual defendant's personal involvement in the alleged conduct." R&R at 11. The R&R then recommends dismissing Plaintiff's claims against Officer Yurchenko and Lieutenant Kaiser because Plaintiff's allegations that those Defendants failed to investigate his claims do not amount to a constitutional violation. *Id.* at 12–13. Finally, the R&R recommends dismissing the claims against the City of New York "because plaintiff does not allege the existence of a municipal policy or custom that violated his constitutional rights." *Id.* at 13. Moreover, because Plaintiff was given leave to amend his complaint on three separate occasions, Judge Bloom recommends that no further leave to amend should be granted. *Id.* at 14–15.

Plaintiff requested an extension of time to respond to the R&R, Mot. for Extension of Time, ECF No. 70, which this Court granted, Order dated Mar. 4, 2024. On March 12, 2024, Plaintiff submitted a reply in opposition to Defendants' motion to dismiss, Objs., which this Court construes as Plaintiff's objections to the R&R.

## II.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of a R&R, the parties are given an

3

opportunity to file written objections to the R&R. *See* 28 U.S.C. § 636(b)(1). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Drago*, No. 18-cr-0394, 2019 WL 3072288, at *1 (E.D.N.Y. July 15, 2019). However, "[t]he district court may adopt those portions of [an R&R] to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018). Additionally, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Id.* at 535–36 (citation omitted); *see* Fed. R. Civ. P. 72(b)(3). Moreover, "when a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)).

### III. Discussion

Plaintiff's objections appear to be aimed at Defendants' memoranda in support of their motion to dismiss, rather than any specific portions of the R&R. And because those arguments largely restate Plaintiff's contentions from his amended complaint

4

and opposition to Defendants' motion to dismiss,[3] Defendants urge the Court to review the R&R for clear error. Opp'n to Objs. at 7–9. Nevertheless, "in an abundance of caution due to Plaintiff's pro se status, this Court [] conduct[s] a de novo review of the R&R." *Tooker v. Town of Southampton*, No. 2:17-cv-06006, 2019 WL 1233629, at *1 (E.D.N.Y. Mar. 12, 2019). Reviewing the R&R de novo, the Court agrees with Judge Bloom's thorough reasoning and recommendation that the Court grant Defendants' motion to dismiss.

To start, the Court agrees that Plaintiff cannot proceed with his claims alleging that certain unnamed defendants violated his constitutional rights by surveilling and defaming him. The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (citation omitted). Relying on that requirement, this Circuit has affirmed the dismissal of claims where a plaintiff "failed to attribute to any named defendant her allegations of surveillance, attempted murder and kidnapping, and damage to her car tires." *Paige-El v. Herbert*, 735 F. App'x 753, 755 (2d Cir. 2018). Here, as in that case, "Plaintiff has not named or otherwise identified any defendant officer in connection with [these claims] so as to allow the suit to proceed against any specific individual." *Paige v. New York City Police Dep't*, No. 10-cv-3773, 2012 WL 1118012,

---

[3] Plaintiff does appear to argue for the first time that Defendants were required to file an answer to his amended complaint. Objs. at 2. But Defendants "are not required to answer [a] complaint unless and until the motion to dismiss is denied." *Romano v. New York City Dep't of Corr.*, No. 95-cv-302, 1995 WL 429011, at *1 (S.D.N.Y. July 20, 1995).

at *4 (E.D.N.Y. Mar. 30, 2012). Accordingly, Plaintiff's claims against individuals not named as defendants in this case must be dismissed.

Next, the claims against Officer Yurchenko and Lieutenant Kaiser should also be dismissed. Plaintiff alleges that Officer Yurchenko refused to question a suspect that Plaintiff alleged was following him in a car, Am. Compl. at 7, and that Lieutenant Kaiser failed to identify an alleged plainclothes officer based on images Plaintiff provided during this litigation, *id.* at 5. In his objections, Plaintiff reiterates that Officer Yurchenko and Lieutenant Kaiser "were tasked to directly assist with the identification of photos and complain[ts] made," but did not take action. Objs. at 4–5. These allegations fail to state a claim that the officers violated Plaintiff's constitutional rights, as "'there is no constitutional right to an adequate investigation' by the police . . . ." *Reed v. Cummo*, No. 22-cv-205, 2022 WL 580947, at *2 (E.D.N.Y. Feb. 25, 2022) (citation omitted). "[A]s such, there is no constitutional violation when the government refuses to investigate an alleged constitutional violation, much less when it fails to investigate allegations of wrongdoing in a particular manner or to the satisfaction of the victim." *Green v. City of Mount Vernon*, No. 22-cv-8554, 2024 WL 710191, at *2 (S.D.N.Y. Feb. 21, 2024).

Plaintiff also alleges that "the same department officer mentioned above like Officer Alexand[er] [Yurchenko] and a few neighbors all [colluded] and surveill[ed] the plaintiff by following the plaintiff with cars." Am. Compl. at 6. As a threshold matter, this claim fails because, to the extent it is arguing that Officer Yurchenko (rather than officers *like* him) followed Plaintiff, Plaintiff does not provide any

6

concrete examples where Officer Yurchenko surveilled him. However, even crediting this conclusory statement, Plaintiff fails to allege a constitutional violation because the alleged surveillance does not violate the Fourth Amendment. That is, Plaintiff appears to allege that Officer Yurchenko followed Plaintiff with a car. "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). Accordingly, "surveillance of Plaintiff's activities and movements while [] officers were physically located in public places such as . . . public streets" does not violate Plaintiff's Fourth Amendment right to privacy. *Paige*, 2012 WL 1118012, at *4.[4]

It is not clear whether Plaintiff alleges that Officer Yurchenko and Lieutenant Kaiser participated in the alleged conspiracies pursuant to 42 U.S.C. §§ 1983 and 1985. To the extent he does make this allegation, however, the Court agrees with Judge Bloom's conclusion that those claims also must be dismissed because "[t]he amended complaint is entirely devoid of facts to support an inference that any of the

---

[4] Plaintiff also alleges that he is constantly being followed by NYPD officers under the direction of Lieutenant Kaiser and Officer Yurchenko. Opp'n to Mot. to Dismiss at 9, ECF No. 63. Plaintiff makes this allegation for the first time in his opposition to Defendants' motion to dismiss, but the Court considers it here because "[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

While Plaintiff makes this allegation in support of his argument that he "is able to bring a lawsuit against [a] governmental body for relief," Opp'n to Mot. to Dismiss at 9, the Court notes that this allegation also fails to state a claim against Officer Yurchenko and Lieutenant Kaiser. Beyond this conclusory allegation, Plaintiff alleges no concrete or specific facts supporting the proposition that the individual Defendants directed any NYPD officers to surveil Plaintiff.

7

defendants—or the non-party unnamed officers—entered into an agreement to violate [Plaintiff's] rights." R&R at 11 n.19.

Finally, the claims against the City of New York must be dismissed. "A municipality such as the City of New York can be liable under Section 1983 only if an 'action pursuant to official municipal policy of some nature' caused the alleged deprivation of the plaintiff's rights." *Palmer v. City of New York*, 564 F. Supp. 3d 221, 239 (E.D.N.Y. 2021). Accordingly, "[a] plaintiff who seeks to hold a municipality liable under § 1983 must allege (i) 'an official policy or custom' that (ii) 'cause[d] the plaintiff to be subjected to' (iii) a 'denial' of a federally guaranteed right." *Id.* (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). Here, the R&R correctly concluded that Plaintiff has failed to allege any such official policy or custom that could sustain claims against the City of New York.

Accordingly, the Court adopts Judge Bloom's recommendation that the Court grant Defendants' motion to dismiss. Additionally, the Court agrees with Judge Bloom's conclusion that, given the three prior opportunities Plaintiff has already had to amend his complaint, Plaintiff should not be afforded leave to file an amended complaint.

## IV. Conclusion

For the foregoing reasons, reviewing the R&R de novo, the Court agrees with Judge Bloom's conclusion that the amended complaint should be dismissed for failure to state a claim.

It is hereby ordered that the R&R is ADOPTED in its entirety, with Defendants' Motion to Dismiss, ECF No. 57, being GRANTED in its entirety.

The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ NRM*
NINA R. MORRISON
United States District Judge

Dated:   March 28, 2024
         Brooklyn, New York