UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jerole Pierre,<br><br>                Plaintiff,<br><br>     v.<br><br>Police Officer Alexandr Yurchenko, New York City, and Lieutenant Angelika Kaiser,<br><br>                Defendants. | MEMORANDUM AND ORDER<br><br>No. 22-cv-1171 (NRM) (LB) |

NINA R. MORRISON, United States District Judge:

      Plaintiff Jerole Pierre filed the above-captioned *pro se* civil rights action on March 1, 2022, Compl., ECF No. 1, and subsequently paid the filing fee, Receipt of Filing Fee, ECF No. 5. Plaintiff filed multiple amended pleadings, including an Amended Complaint on March 9, 2023, Am. Compl., ECF No. 43, that was designated the operative pleading, Order dated March 15, 2023, ECF No. 45. Plaintiff's March 9, 2023 Amended Complaint alleged that a group of unnamed, plainclothes officers from the New York City Police Department ("NYPD") conspired with Plaintiff's neighbors to subject him to constant surveillance. *See* Am. Compl. Plaintiff named the City of New York and two individuals, Officer Alexandr Yurchenko and Lieutenant Angelika Kaiser, as defendants. *Id.*

      On May 12, 2023, Defendants filed a Motion to Dismiss, Mot. to Dismiss, ECF No. 57, which was referred to Magistrate Judge Bloom for a Report and Recommendation ("R&R"), Order dated May 15, 2023. Judge Bloom issued an R&R

on February 20, 2024. R&R, ECF No. 69. Plaintiff filed objections to the R&R on March 12, 2024, Objs., ECF No. 71, to which Defendants responded on March 26, 2024, Resp. to Objs., ECF No. 72. By Order dated March 28, 2024, the Court adopted the R&R and granted Defendants' Motion to Dismiss. Order Dismissing Case, ECF No. 73. Judgment was entered on March 29. Clerk's Judgment, ECF No. 74.

On April 25, 2024, Plaintiff filed a "Motion to Amend the Final Order[]" pursuant to Federal Rule of Civil Procedure 60(b). Mot. to Amend at 1, ECF No. 75.[1] Defendants opposed Plaintiff's motion on May 24, 2024, Opp'n Br., ECF No. 85, and Plaintiff filed a reply brief and exhibits in support of his motion on June 20, 2024, Reply Br., ECF No. 91; Exhibits, ECF No. 92. Plaintiff also filed a request to extend the time to appeal, Mot. for Extension of Time, ECF No. 76, a Notice of Appeal, Notice of Appeal, ECF No. 77,[2] and a request to proceed *in forma pauperis* ("IFP") on appeal, Mot. for IFP, ECF No. 78. This Court denied the motion to proceed IFP on appeal on May 9, 2024. For the following reasons, the motion to amend the order is denied, and the Court denies the motion for an extension of time to appeal as moot.

---

[1] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

[2] "Although the plaintiff filed an appeal after [he] filed [his] motion to vacate, the Court is not divested of jurisdiction to decide this motion." *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-cv-2936, 2023 WL 3159233, at *2 (E.D.N.Y. Apr. 28, 2023). *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of any motion listed in Rule 4(a)(4)(A) — the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

## DISCUSSION

Judge Bloom's R&R recommended the Court grant Defendants' Motion to Dismiss because Plaintiff failed to state a claim that any NYPD Officers, including Officer Alexandr Yurchenko and Lieutenant Angelika Kaiser, violated his constitutional rights and because Plaintiff failed to allege the existence of an unconstitutional policy or custom by the City of New York. *See* R&R. This Court held that (1) Plaintiff's complaint could not proceed against any unnamed defendants; (2) Plaintiff failed to state a claim against Officer Yurchenko and Lieutenant Kaiser; and (3) Plaintiff failed to allege any unconstitutional official policy or custom by the City of New York. *See* Order Dismissing Case. Accordingly, the Court adopted Judge Bloom's R&R and dismissed Plaintiff's Amended Complaint. *Id.*

Plaintiff's April 25, 2024 Motion asks "the court under Rule 60(b) on the ground of newly discovered evidence to amend [the] final order[]." Mot. to Amend at 2. Federal Rule of Civil Procedure 60(b) permits a litigant to seek relief from a final judgment for a list of enumerated reasons including, as relevant here, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

As a general matter, the standard for granting a motion to reconsider is strict. "The Second Circuit has instructed that Rule 60(b) is 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Feinstein v. Nassau Cnty.*, No. 07-cv-3078, 2007 WL 9724948, at *1 (E.D.N.Y. Sept. 21, 2007) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). A party seeking

3

reconsideration under Rule 60(b)(2) must show: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceedings, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (citation omitted). Moreover, "as long as the evidence was clearly available at the time of the judgment that the movement is challenging — even if it was not available at the time the underlying complaint was filed — it does not constitute newly discovered evidence for the purposes of Rule 60(b)(2)." *Reid v. City of New York*, No. 20-cv-9243, 2024 WL 749620, at *5 (S.D.N.Y. Feb. 23, 2024) (internal quotation marks and citations omitted).

In his motion for reconsideration and reply brief, Plaintiff reiterates many of the allegations from his Amended Complaint, but he also names additional individuals who he alleges have violated his rights. *See* Mot. to Amend; Reply Br. He also provides numerous additional license plates of vehicles that he alleges have followed and surveilled him, and points to additional incidents in which he alleges he experienced racial discrimination and was surveilled and assaulted. *Id.*

As a threshold matter, while some of these events were alleged to have occurred earlier, Plaintiff also mentions incidents that occurred after this Court's order dismissing his case, including allegations of agents listening to his conversations with his wife on April 14, 2024, Mot. to Amend at 10; a 9-1-1 call

4

Plaintiff made on April 16, 2024, *id.* at 11; and a health inspector asking to inspect Plaintiff's home on April 17, 2024, *id.* at 12. Because that evidence did not "exist[] at the time of trial or other dispositive proceedings," *Int'l Bhd. of Teamsters*, 247 F.3d at 392, it cannot be considered "[n]ewly *discovered* evidence," *NYC Med. Prac., P.C. v. Shokrian*, No. 19-cv-162, 2020 WL 1853203, at *3 (E.D.N.Y. Jan. 31, 2020) (emphasis in original).

As for the additional allegations that predate this Court's decision granting Defendants' motion to dismiss, Plaintiff does not provide any indication that he was justifiably unaware of these facts and circumstances "despite due diligence." *Int'l Bhd. of Teamsters*, 247 F.3d at 392. Indeed, many of the additional facts he cites in his motion — such as interactions that Plaintiff has had with law enforcement and other individuals — were, by his own account, clearly known to Plaintiff prior to this Court's dismissal of the Amended Complaint. Nor would Plaintiff's additional allegations have changed the outcome of this Court's decision, as Plaintiff still does not plausibly allege constitutional violations by Officer Yurchenko or Lieutenant Kaiser, nor an official policy or custom that can sustain claims against the City of New York. Accordingly, after careful consideration of Plaintiff's motion, the Court denies Plaintiff's request for reconsideration.[3]

---

[3] Plaintiff's motion would also be timely pursuant to Federal Rule of Civil Procedure 59, which allows litigants to move to alter or amend a judgment if they do so within twenty-eight days of the entry of judgment. However, the Court concludes that Plaintiff is not entitled to relief under Rule 59, which requires a moving party to point to either "controlling decisions or data that the court overlooked," which "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Moreover, to the extent Plaintiff is also requesting leave to amend his complaint to add additional defendants, that request must be denied because "[u]nless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991).

Accordingly, Plaintiff's April 25, 2024 Motion pursuant to Rule 60(b) is denied. Plaintiff's motion for an extension of the time to appeal, Mot. for Extension of Time, is denied as moot, as Plaintiff has already timely filed a notice of appeal, *see* Notice of Appeal.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is requested to send a copy of this Order and the docket sheet to Plaintiff.

SO ORDERED.

*/s/ NRM*
NINA R. MORRISON
United States District Judge

Dated:   October 7, 2024
         Brooklyn, New York